STATE *EX REL.* POORE v. NANCE.

1. EXCEPTIONS.—This court will not consider an exception which points out no specific error, nor declare error in one which complains that the Circuit Judge failed to state his findings of fact and conclusions of law separately.

2. WRIT OF MANDAMUS—HOMESTEAD—GRANTEE.—A wife has no right to a writ of mandamus to compel the sheriff to lay off to her the homestead of her husband in lands levied on under execution against the husband, though conveyed to her by her husband before judgment obtained, land outside of the levy having been assigned to him under this same judgment. Only result concurred in.

Before WITHERSPOON, J., Abbeville, March, 1894.

The State *ex relatione* Mary A. Poore against F. W. R. Nance, as sheriff of Abbeville County.

*Mr. Frank B. Gary,* for appellant.

*Messrs. Parker & McGowan,* contra.

October 29, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The petitioner, appellant, sought a writ of mandamus to compel the respondent to set aside to her a homestead in certain lands. The matter was fully heard by his honor, Judge Witherspoon, upon the petition, the return

thereto, and certain affidavits, and he denied the writ prayed for. From his order dismissing the petition the petitioner has appealed to this court upon four grounds.

The fourth is too general—merely alleging that the order was erroneous, without pointing out in such exception wherein it was erroneous. The third ground imputes error to the Circuit Judge because he failed to state his findings of fact and conclusions of law separately. By several decisions of this court, the course adopted by the Circuit Judge is not reversible error. *Stepp* v. *Insurance Co.*, 37 S. C., 417, and cases there cited.

We will consider the first and second grounds together, as they involve the real controversy here, and are here set out in full, to wit: *First.* Because his honor erred in refusing to grant the writ of mandamus, when it appeared as an uncontradicted fact that A. J. Poore, at the time he conveyed the land in dispute to Mary A. Poore, was the head of a family residing in this State, and was entitled to a homestead in said lands which had not been set off to him; that the judgment under which the sheriff has advertised the land for sale was recovered several years after the conveyance to Mrs. Mary A. Poore, and was on a cause of action arising subsequent to the ratification of the Constitution of the State in 1868, and against which he had the right to claim a homestead; that the sale by the sheriff, as advertised by him, would damage the said Mary A. Poore, and cast a cloud on her title; and that she has demanded that the homestead of A. J. Poore in said lands be assigned to her, and that the demand was refused. *Second.* Because his honor erred in refusing to grant the writ of mandamus when the allegations of the petition were not denied by the return, and which showed that she, as the grantee of A. J. Poore, was entitled to a homestead in said land.

It seems that one A. J. Poore conveyed all the lands he owned to his wife, Mary A. Poore, by deeds made in 1880 and 1882 respectively, and continued to reside thereon with his said wife and children, and now so resides. On a cause of action, which originated since the ratification of our Constitution in April, 1868, Florence E. Sullivan, suing by her guardian *ad litem*, has

obtained a judgment against said A. J. Poore, and in May, 1893, caused the respondent as sheriff to levy upon the lands as the property of A. J. Poore. He demanded a homestead in the lands levied upon. Under the usual mode, this homestead was admeasured, containing some 200 acres, whereon was located the family dwelling house. Exceptions were taken, but upon these exceptions being heard by the Circuit Court, they were overruled. When the balance of these lands, not including the homestead set apart to A. J. Poore, were advertised for sale by the sheriff, Mrs. Poore, the petitioner, demanded that the homestead of her husband, A. J. Poore, be set apart by the sheriff to her. This the sheriff declined to do. Whereupon this application for the writ of mandamus to compel him to do so was made.

It is contended here that the petitioner has the right to have the sheriff to set off to her, not her homestead, but that he so set off to her the homestead of A. J. Poore. It is admitted that the petitioner is no party to the action of Florence E. Sullivan *v.* A. J. Poore. Her property could not be sold under that judgment. In fact, the property of no one but A. J. Poore could be legally sold under such judgment. It is difficult to see, therefore, how her rights, under the deeds from her husband, A. J. Poore, to her, could be prejudiced by the sale advertised to be made. If the petitioner believes as a proposition of law that A. J. Poore being entitled to a homestead as against the judgment, or rather the cause of action upon which it was based, and she having purchased his lands, which purchase if from any cause should prove defective, yet the conveyance of the homestead of A. J. Poore would be upheld, because it was never subject to the judgment of Florence E. Sullivan, she would be clearly right; but it does not follow that, therefore, she is entitled to have such homestead set apart to her by the sheriff. The writ of mandamus was never designed for the enforcement of any such rights.

An inspection of the return of respondent shows to us that the facts of the petition were sufficiently traversed by that pleading. It follows that there was no error here.

It is the judgment of this court, that the order of the Circuit Court appealed from be affirmed.

. MR. CHIEF JUSTICE McIVER.   I concur in the result, as I am not now prepared to express or intimate any opinion as to the ulterior rights, if any, of Mrs. Poore.